NOT FOR PUBLICATION                                                                CLOSED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
TARIK WALKER and JAMEL PARSONS,     :
                                    :
            Plaintiffs,             :    Civ. No. 06-1014 (JAP)
                                    :
        v.                          :
                                    :    OPINION
LYDELL SHERRER, et al.,             :
                                    :
            Defendants.             :
_____:

APPEARANCES:

Tarik Walker, *Pro Se*
Prison #467274
SBI #604318C
Northern State Prison
168 Frontage Road
P.O. Box 2300
Newark, NJ 07114

Jamel Parsons, *Pro Se*
Prison #470314
SBI #274062C
Northern State Prison
168 Frontage Road
P.O. Box 2300
Newark, NJ 07114

Sarah Brie Campbell
Office of the New Jersey Attorney General
Department of Law & Public Safety
RJ Hughes Justice Complex
P.O. Box 112
Trenton, NJ 08625
    *Attorney for the Defendants*

PISANO, District Judge.

Before the Court is Plaintiffs' *pro se* Complaint seeking relief under 42 U.S.C. § 1983 for Defendants' alleged violations of Plaintiffs' constitutional rights, and Defendants' Motion to Dismiss. Since filing their Complaint, Plaintiffs have failed to provide the Court with their current addresses and have demonstrated no intent to proceed with their case. Further, Plaintiffs failed to respond this Court's September 19, 2006 Order to Show Cause why this case should not be dismissed for Plaintiffs' failure to prosecute and failure to provide their current addresses. Therefore, the Court dismisses Plaintiffs' Complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Civil Rule 10.1(a).

**I. BACKGROUND**

Proceeding *pro se*, Plaintiffs Tarik Walker ("Walker") and Jamel Parsons ("Parsons") filed a Complaint on March 30, 2006, at which time Parsons was an inmate at the Northern State Prison ("NSP").[1] The Complaint alleges that, during an incident on November 14, 2004, corrections officers at the NSP used excessive force against Plaintiffs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Also, the Complaint contends that Defendant Lydell Sherrer, Administrator of the NSP, was deliberately indifferent to conditions that existed at the NSP posing a substantial risk of serious harm to Plaintiffs.

On August 14, 2006, Defendants filed a Motion to Dismiss in lieu of an answer. Not surprisingly, Plaintiffs have not responded to the Motion to Dismiss. Beginning in March 2006 for Walker and July 2006 for Parsons, all mail sent to Plaintiffs in connection with this matter has been returned as undeliverable. At no time did Plaintiffs supply the Court with their new

---

[1] Walker was released from custody on January 26, 2006.

addresses. On September 19, 2006, the Court issued an Order requiring Plaintiffs to contact the Court not later than October 19, 2006 and show cause why the case should not be dismissed for failure to prosecute and failure to provide current addresses. The Court, aware that Plaintiffs were no longer incarcerated at the NSP, attempted to ascertain Plaintiffs' current addresses and mailed the Order to Show Cause to them.[2] However, that mail was also returned as undeliverable and Plaintiffs have not contacted the Court or demonstrated in any other way an intent to pursue their case.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or of any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See United States v. $8,221,877.16 in U. S. Currency*, 330 F.3d 141, 161 (3d Cir. 2003); *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995). Failure to prosecute does not require that a party take affirmative steps to delay the case. Rather, a failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution. *See Adams v. Trs. of the N. J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994); *see also National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 640-41 (1976).

---

[2] Upon inquiry, the Court learned that Walker's last known address is Essex County Jail, 356 Doremus Avenue, Newark, New Jersey 07102, and Parsons's last known address is 56 12th Street, 2nd Floor, Paterson, New Jersey 07510. The Court mailed the Order to Show Cause to Plaintiffs at those addresses in addition to mailing the Order to Plaintiffs' NSP addresses.

In *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), the Third Circuit listed several factors that a district court must consider and balance before dismissing a complaint:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Although all of the *Poulis* factors must be considered, they do not all need to be met for a district court to find dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

Having considered the factors listed above, the Court finds that Plaintiffs' failure to prosecute their case and provide the Court with their current addresses warrants dismissal of the case under Federal Rule of Civil Procedure 41(b). First, as *pro se* litigants, Plaintiffs bear sole responsibility for their failure to pursue their claims and their failure to complete the simple act of updating the Court as to their current mailing addresses. Second, though Plaintiffs have neither violated any scheduling orders nor refused to engage in discovery, this factor is neutral because the Court has not issued a scheduling order and the case has not reached the discovery phase. Third, as to the history of dilatoriness, Plaintiffs' failure to provide current addresses has spanned seven months for Walker and three months for Parsons. This is a considerable amount of time in light of L.Civ.R. 10.1(a)'s warning that parties risk the imposition of sanctions if they fail to "advise the Court of any change in their . . . address within five days" of such change. Further, Plaintiffs have not responded to Defendants' Motion to Dismiss which Defendants filed on August 14. Fourth, the Court does not find that Plaintiffs have acted willfully or in bad faith.

However, that fact alone does not excuse Plaintiffs' utter failure to participate in the case.

Fifth, sanctions other than dismissal would be entirely ineffective because the Court has no way of communicating with Plaintiffs to apprise them of any lesser sanction and advise them to proceed with their case. Indeed, the Court's Order to Show Cause attempted to do just that, but because Plaintiffs have not provided the Court with their current addresses, they never received the Order. Further, there is no indication that Plaintiffs will contact the Court in connection with this case. Thus, the only effective sanction is a dismissal; any other lesser sanction would merely delay the inevitable. Sixth, having examined Plaintiffs' Complaint and Defendants' Motion to Dismiss, the Court finds that Plaintiffs' claim lacks merit. The evidence before the Court shows that (1) Walker and Parsons failed to exhaust their administrative remedies as required by the Prison Litigation Reform Act of 1996; (2) during the incident in question, Defendants used a reasonable amount of force to restore and maintain order at the NSP; and (3) Defendant Sherrer did not act with deliberate indifference. Based on its balancing of the *Poulis* factors, the Court finds that the circumstances warrant dismissal for failure to prosecute and to provide the Court with their current addresses.

## III.  CONCLUSION

Based on the foregoing, Plaintiffs' Complaint is dismissed without prejudice and this case is closed. An appropriate order accompanies this opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: October 23, 2006